IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Rennie Simmons, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. |
| ) | FILED: MAY 13, 2008 |
| City of Chicago, ) | 08CV2769   LCW |
| Lieutenant Glenn Evans, ) | JUDGE MANNING |
| Officer Quentin Brice ) | MAGISTRATE JUDGE ASHMAN |
| Officer R. Webster, Star# 18805, and ) | |
| H. Daley, Star #5694 ) | |
| ) | |
| Defendants. ) | |

NOTICE OF REMOVAL

Defendant City of Chicago, by one of its attorneys, Naomi Avendano, Deputy Corporation Counsel of the City of Chicago, respectfully removes the above entitled action to this Court, pursuant to 28 U.S.C. §1441(b) and (c), §1446, and on the following grounds:

1. Defendants City of Chicago, Glenn Evans, Quentin Brice, Roger Webster and Herbert Darey were named as defendants in an amended complaint filed on March 31, 2008, in the Circuit Court of Cook County of the State of Illinois, case number 07 L 6921, entitled <u>Renee Simmons v. City of Chicago, et al.</u> The City and Glenn Evans[1] had previously been named in the original complaint that was filed on July 3, 2007, that alleged only state claims.

2. The amended complaint was served upon the City of Chicago on or about March 31, 2008. Chicago Police Personnel Quentin Brice, Roger Webster, and Herbert Darey who were

---

[1] Glenn Evans is not represented by the undersigned, but upon information and belief, he does not oppose this removal.

named on March 31, 2008, for the first time, upon information and belief, have not yet been served.  Accordingly, counsel for the City has been unable to obtain the consent of the other defendants to remove this case.  <u>See</u> amended complaint attached hereto as Exhibit A.

      3.  Plaintiff brings this amended complaint pursuant to 42 U.S.C. § 1983 and Illinois common law.  Plaintiff alleges that the defendants falsely arrested, conspired to falsely arrest, assaulted, battered and failed to obtain medical attention for the plaintiff in violation of his rights under the fourth and fourteenth amendment of the United States Constitution and his rights under Illinois law.

      4.  Defendant City is entitled to remove this action to this court, pursuant to 28 U.S.C. §1441(b) and (c).

      5.  It appears from the face of plaintiff's amended complaint that this is, primarily, a civil rights action which arises under the United States Constitution and involves federal questions.  Plaintiff's complaint alleges, among other things, that the defendants violated the rights of the plaintiff as guaranteed by the United States Constitution.

      WHEREFORE, defendant City of Chicago, respectfully requests that the above-entitled action now pending in the Circuit Court of Cook County in the State of Illinois, case number 07 L 6921, be removed therefrom to this Court.

                                        Respectfully submitted,

                                        <u>/s/ Naomi Avendano</u>
                                        Naomi Avendano
                                        Deputy Corporation Counsel

30 N. LaSalle St., Suite 1400
Chicago, IL  60602
(312) 742-7880

08CV2769  LCW
JUDGE ANDERSEN
MAGISTRATE JUDGE MASON

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| RENNIE SIMMONS, | ) |
| Plaintiff, | ) 07 L 6921 |
| v. | ) |
| CITY OF CHICAGO, LIEUTENANT GLENN EVANS, OFFICER QUENTIN BRICE, OFFICER R. WEBSTER, STAR # 18805, and H. DALEY, STAR #5694, and UNKNOWN POLICE OFFICERS, | ) |
| Defendants. | ) JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

NOW COMES Plaintiff, RENNIE SIMMONS, by his attorneys, LOEVY & LOEVY and R. EUGENE PINCHAM, complaining of Defendants, CITY OF CHICAGO, LIEUTENANT GLENN EVANS, OFFICER QUENTIN BRICE, OFFICER R. WEBSTER, STAR # 18805, and H. DALEY, STAR #5694, and UNKNOWN POLICE OFFICERS (collectively, the "Defendant Officers"), states as follows:

### Introduction

1.   This action is brought to redress the deprivation of Plaintiff's constitutional rights stemming from an act of police brutality.

2.   Specifically, Plaintiff, a 50 year-old partially paralyzed 20-year employee of the Chicago Water Department, was severely beaten by Defendant Lieutenant Evans when Plaintiff tried to post a lawful water cut-off notice on Lieutenant Evans' property.  Moreover, the remaining individual Defendants responded to the scene and falsely arrested Plaintiff rather than the Lieutenant.

### Jurisdiction and Venue

3. Jurisdiction and venue properly lie in the Circuit Court of Cook County, Illinois because the alleged events occurred therein.

### Plaintiff Rennie Simmons

4. Plaintiff is an employee of the City of Chicago's water department. He is 50 years old and has worked for the City of Chicago for over 20 years.

5. Plaintiff has led an exemplary life and has never been convicted of any crime.

6. Plaintiff is also physically disabled. He suffered a paralytic stroke in 2003 and, since then, has been partially paralyzed on his right side. As a result of his physical condition, he walks with a noticeable limp.

### Plaintiff's Allegations

7. In July 2006, Plaintiff was working as a City of Chicago water department employee. His duties as a "poster" required him to post notices on various properties that water service would be shut off for non-payment of account balances.

8. On July 7, 2006, Plaintiff was scheduled to post a notice on a house on the 500 block of West 126th Street that the water was going to be shut off for failure to pay the water bill.

9. Plaintiff's only intention in going to the house on the 500 block of West 126th Street was to post the notice and move on to the next task on his list.

10. Unbeknownst to Plaintiff, the house in question was owned by Defendant Lieutenant Evans of the Chicago police department. At the time, Lieutenant Evans's water bill exceeded $800 and, therefore, his water was scheduled to be shut-off.

11. When Plaintiff arrived at Lieutenant Evan's home, Plaintiff walked up to the property with the water shut-off notice in his hand. The notice is bright orange in color, and Plaintiff was wearing two pieces of identification around his neck, both of which bore his current photograph and proclaimed him to be an employee of the City of Chicago Water Department. Plaintiff, as he has always done since his stroke, limped as he walked toward the house.

12. Lieutenant Evans was present on the date in question. When he saw Plaintiff limping toward him, Lieutenant Evans identified himself as a Chicago police officer and asked Plaintiff who he was. After Plaintiff responded that he was from the water department, he yelled at Plaintiff to get off his property. Undeterred, Plaintiff performed his lawful duty by attaching the notice to the house, and then walked back toward his car.

13. Lieutenant Evans grabbed the notice from the house, crumpled it, and pushed Plaintiff in the back. After being pushed, Plaintiff did not confront the able-bodied Lieutenant, but rather made his way to his car and called 911 for assistance.

14. Before leaving, Plaintiff took two photographs of the property with his city-issued camera to document that he had been to the property on that day, as is the policy of the water department.

15. Upon seeing Plaintiff taking the photographs, Lieutenant Evans became enraged. He attacked Plaintiff from behind and threw him to the ground face forward, whereupon he began beating Plaintiff with his fists and choking him.

16. At no time did Plaintiff ever touch, hit, push, or take any action that would have justified the physical abuse Lieutenant Evans inflicted on him.

17. Lieutenant Evans placed Plaintiff under arrest and held him until several plainclothes officers arrived, including Defendant Chicago Police Officers Brice, Webster, and Daley.

18. These Defendants immediately handcuffed Plaintiff without asking any questions, telling him that Lieutenant Evans was their Lieutenant and that he called the shots. These Defendants acted at the direction of and in concert with Lieutenant Evans.

19. Lieutenant directed Defendants Brice, Webster, and Daley to arrest Plaintiff as part of his duties as a Chicago police lieutenant, within the scope of his authority and under color of law. The Defendant Officers arrested Plaintiff as part of their duties as Chicago police officers, within the scope of their authority, and were also acting under color of law.

4

20. When they arrested Plaintiff, Defendants Brice, Webster, and Daley knew that there was no probable cause to believe he had committed or was committing any crime. These Defendants were also aware that they were following an unlawful order.

21. Defendants Brice, Webster, and Daley then transported Plaintiff to the police station and held him there without providing him with any medical attention for his injuries.

22. Lieutenant Evans signed a criminal complaint falsely accusing Plaintiff of committing a battery against him.

23. Although the incident occurred at approximately 12:15 in the afternoon, Plaintiff was not released from police custody until 3 a.m.

24. After his release, Plaintiff sought treatment for his injuries at Christ hospital. Plaintiff's injuries included constant pain in his shoulders, ears, neck, face, back, hands, and head, as documented in his medical records.

25. Plaintiff had to appear in court on more than five occasions to fight the false charges levied against him by Lieutenant Evans.

26. Finally, Plaintiff stood trial against the false accusations.

27. At trial, Lieutenant Evans told a fictional tale about how Plaintiff supposedly threatened him. To support his false claim, Lieutenant asked a friend of his to lie at the

proceeding in a futile attempt to try to secure a false conviction of Plaintiff.

28. After hearing the prosecution's case, the criminal court acquitted Plaintiff on all charges.

29. After finding Plaintiff not guilty, the judge stated in open court:

> "Lieutenant, there is a lot I can say this morning, but I'm going to hold my tongue. ... *The next time you pick somebody to come in here as a witness, make sure they lie a little better.* Finding of not guilty."

30. Plaintiff was forced to miss eighteen days of work while he recovered from his injuries sustained as a result of Lieutenant Evans' conduct. More to the point, Plaintiff was subjected to the emotional toll of having to defend himself against the false charge maliciously instituted against him.

### Count I -- 42 U.S.C. § 1983
### Excessive Force

31. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

32. As described in the preceding paragraphs, the conduct of Defendant Evans toward Plaintiff constituted excessive force in violation of the United States Constitution.

33. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

34. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

35. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, both on- and off-duty, such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, Chicago Police Officers accused of excessive force can be confident that the OPS will not investigate those accusations in earnest and will refuse to recommend discipline even where the Officer has engaged in excessive force;

    c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to

that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

    e.    The City has failed to act to remedy the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

36. As a result of the unjustified and excessive use of force by Defendant Evans and the City's policy and practice, Plaintiff has suffered pain and injury, as well as emotional distress.

37. The misconduct described in this Count was undertaken by Defendant Evans within the scope of his employment and under color of law such that his employer, City of Chicago, is liable for his actions.

### Count II -- 42 U.S.C. § 1983

#### Failure to Intervene

38. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

39. One or more of the Defendant Officers had a reasonable opportunity to prevent another Officer from violating Plaintiff's

constitutional rights had they been so inclined, but they failed to do so.

40. As a result of the Defendant Officers' failure to intervene, Plaintiff suffered emotional distress.

41. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

42. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

43. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

### Count III -- 42 U.S.C. § 1983

#### False Arrest/Unlawful Detention

44. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

45. As described more fully above, the Defendant Officers falsely arrested and unlawfully detained Plaintiff without legal justification.

46. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

47. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment

and under color of law such that their employer, City of Chicago, is liable for their actions.

48. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

49. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to emotional distress and anguish.

### Count IV -- 42 U.S.C. § 1983
### Denial of Medical Attention

50. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

51. As described more fully above, after being beaten by Defendant Evans, Plaintiff repeatedly requested medical attention. Despite having actual knowledge of his serious medical condition, the Defendant Officers failed to provide Plaintiff with medical attention.

52. In this manner, the conduct of the Defendant Officers was objectively unreasonable and deliberately indifferent to Plaintiff's objectively serious medical needs.

53. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

54. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police

Department in the manner described more fully above.

55. As a result of the Defendant Officers' objectively unreasonable conduct and deliberate indifference to necessary medical needs, Plaintiff suffered additional damages, including but not limited to mental distress and anguish.

### Count V -- 42 U.S.C. § 1983

### Conspiracy

56. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

57. As described more fully in the preceding paragraphs, prior to the assault and battery on Plaintiff described above, the Defendant Officers, acting under color of law and within the scope of their employment, entered into an agreement amongst themselves and other unknown police officers to deprive Plaintiff of his constitutional rights.

58. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

59. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

60. As a proximate result of this conspiracy, Plaintiff suffered damages, including the deprivation of Plaintiff's constitutional rights and emotional distress.

**Count VI -- State Law Claim**

**Malicious Prosecution**

61. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

62. In the manner described more fully above, Plaintiff was improperly subjected to judicial proceedings unsupported by probable cause to believe that she had committed a crime. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of his innocence.

63. Specifically, Defendant Evans accused Plaintiff of criminal activity knowing those accusations to be without probable cause and made statements to prosecutors with the intent of exerting influence to institute and continue judicial proceedings.

64. Defendant Evans made statements regarding Plaintiff's alleged culpability with knowledge that the statements were false and perjured. In so doing, the Defendant Officers fabricated evidence and withheld exculpatory information.

65. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

66. As a proximate result of this misconduct, Plaintiff suffered injuries, including but not limited to emotional distress.

67. The misconduct described in this Count was undertaken by the Defendant Evans within the scope of his employment and under color of law such that his employer, City of Chicago, is liable for his actions.

### COUNT VII -- State Law Claim

### Assault and Battery

68. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

69. As described more fully in the preceding paragraphs, the actions of Defendant Evans created a reasonable apprehension of imminent harm and constituted offensive physical contact with Plaintiff.

70. As a result of the actions of the Defendant Evans, Plaintiff sustained physical and emotional injuries.

71. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

72. The misconduct described in this Count was undertaken by Defendant Evans within the scope of his employment such that his employer, CITY OF CHICAGO is liable for his actions.

### COUNT VIII -- State Law Claim

### False Arrest/False Imprisonment

73. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

74. Plaintiff was arrested and detained despite the Defendant Officers' knowledge that there was no lawful justification for doing so.

75. In the manner described more fully above, the Defendant Officers unlawfully restrained Plaintiff's liberty by imprisoning him.

76. As a result of this misconduct, Plaintiff has suffered and continues to suffer damages, including but not limited to emotional distress and anguish.

77. The misconduct set forth above was undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

78. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employers, CITY OF CHICAGO, are liable for their actions.

### Count IX -- State Law Claim
### Respondeat Superior

79. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

80. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Chicago Police Department acting at all relevant times within the scope of their employment.

81. Defendant City of Chicago is liable as principal for all torts committed by its agents.

**Count X -- State Law Claim**

**Indemnification**

82. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

83. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

84. The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, RENNIE SIMMONS, respectfully requests that this Court enter judgment in his favor and against Defendants, CITY OF CHICAGO, LIEUTENANT GLENN EVANS, OFFICER QUENTIN BRICE, OFFICER R. WEBSTER, STAR # 18805, and H. DALEY, STAR #5694, awarding compensatory damages and attorneys' fees, along with punitive damages against the Defendant Officers in their individual capacities, as well as any other relief this Court deems just and appropriate.

**JURY DEMAND**

Plaintiff, RENNIE SIMMONS, hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED,

_____
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Russell Ainsworth
LOEVY & LOEVY
312 North May St
Suite 100
Chicago, IL 60607
(312) 243-5900
Attorney No. 41295

R. Eugene Pincham
9316 South Michigan Ave.
Chicago, IL 60619
(773) 568-7927
(773) 568-7938 (fax)
Attorney No. 07905